**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 10-5101**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

BRIAN FANARY, a/k/a Brian Marshall,

    Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Irene C. Berger, District Judge. (5:10-cr-00003-1)

---

Submitted: January 9, 2012   Decided: February 6, 2012

---

Before WILKINSON, AGEE, and DIAZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Dennis M. Hart, Washington, D.C., for Appellant.  R. Booth Goodwin II, United States Attorney, Miller Bushong, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Brian Fanary pled guilty to possession with intent to distribute a quantity of oxycodone, in violation of 21 U.S.C. § 841(a)(1) (2006), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). The district court sentenced Fanary to eighty-five months in prison, seven months above the advisory Guidelines range. Fanary timely appealed his sentence.

Fanary first argues that he was denied effective assistance of counsel when his defense attorney failed to challenge the drug quantity attributed to him for sentencing purposes, contending that a portion of those drugs were for personal use. Unless an attorney's ineffectiveness is conclusively apparent on the face of the record, ineffective assistance claims are generally not addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C.A. § 2255 (West Supp. 2011)). The record in this case falls short of this exacting standard. Therefore, Fanary's ineffective assistance claim is not cognizable on direct appeal.

Alternatively, Fanary challenges the reasonableness of his sentence by arguing that there could be no legitimate

2

finding of the drug quantity where the defense of personal use was never raised. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51.

The Government bears the burden of proving, by a preponderance of the evidence, the drug quantity attributable to a defendant. United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002). Generally, in reviewing the district court's calculations under the Guidelines, this Court "review[s] the district court's legal conclusions de novo and its factual findings for clear error," United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks and citation omitted), and will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." Id. at 631 (internal quotation

marks and citation omitted). However, because he failed to object to the district court's calculation of drug quantity at sentencing, Fanary's claim is reviewed for plain error. United States v. Blatstein, 482 F.3d 725, 731 (4th Cir. 2007).

Rule 32(i)(3)(A) of the Federal Rules of Criminal Procedure permits a district court to "accept any undisputed portion of the presentence report as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A). Moreover, even if a defendant objects to a finding in the PSR, in the absence of an affirmative showing that the information is not accurate, the court is "free to adopt the findings of the [PSR] without more specific inquiry or explanation." United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998) (internal quotation marks omitted).

Here, there were no objections to the drug quantities attributed to Fanary, much less any affirmative showing that the information in the PSR was not accurate. We therefore conclude that the district court did not err, plainly or otherwise, by relying on the undisputed facts in the PSR to determine the drug quantity attributed to Fanary for sentencing purposes and that, accordingly, Fanary's sentence is reasonable.

For these reasons, we affirm Fanary's sentence. Fanary's motion to file a pro se supplemental brief is denied. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED